**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 31 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KRISTINE E. ARMFIELD,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

Defendant-Appellee.

No.    22-35127

D.C. No. 3:21-cv-05239-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Submitted March 29, 2023[**]
Seattle, Washington

Before:  NGUYEN and HURWITZ, Circuit Judges, and GUTIERREZ,[***] Chief
District Judge.

An administrative law judge ("ALJ") denied Kristine Armfield's application

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Philip S. Gutierrez, Chief United States District Judge
for the Central District of California, sitting by designation.

for Social Security disability benefits. The district court affirmed the agency's decision. We have jurisdiction over Armfield's appeal of that ruling under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g) and affirm.

1. Armfield argues that the ALJ improperly rejected various medical opinions. We review the IJ's evaluation of medical opinions for substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The "most important factors" are "supportability" and "consistency." 20 C.F.R. § 416.920c(b)(2). If "the evidence can rationally be interpreted in more than one way, the court must uphold the ALJ's decision." *Ahearn v. Saul*, 988 F.3d 1111, 1115–16 (9th Cir. 2021) (cleaned up).

a. Dr. Ruddell's 2018 opinion predated the claimed onset date and was not materially different from the same psychologist's 2019 opinion, so the ALJ properly discussed them in a single analysis. *See* 20 C.F.R. § 416.920c(b)(1). Substantial evidence supports the ALJ's determination that the 2019 opinion was "inconsistent with the treatment record," which contains numerous subsequent "normal findings."

b. Substantial evidence also supports the ALJ's discounting of Nurse Patterson's opinion. Patterson's own evaluation "indicates the claimant has no mental health issues," and other records show Armfield ambulating without difficulty.

c. The ALJ also reasonably concluded that Dr. Harmon, a psychologist, was

2

not qualified to give an opinion about Armfield's physical condition. Harmon recognized that a proper physical assessment would "depend on the information in [Armfield's] medical records and the judgment of the physicians on the [ ] review panel." *See* 20 C.F.R. § 416.920c(c)(4).

d.   Citing Dr. Gollogly's statement that she would have "occasional" workplace interruptions, Armfield argues that her residual functional capacity should have assumed interruptions of one-third of a workday. But the ALJ is "the final arbiter with respect to resolving ambiguities in the medical evidence," *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), and Dr. Gollogly's report can reasonably be read to give "occasional" a more limited meaning.

e.   The ALJ reasonably found Dr. Leinenbach's opinion not persuasive because it predated the alleged onset date and other medical opinions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

2.   The ALJ offered "specific, clear and convincing reasons" for rejecting Armfield's testimony about the severity of her symptoms. *Tommasetti*, 533 F.3d at 1039 (cleaned up). A favorable response to conservative treatment "undermines [a claimant's] reports regarding the disabling nature of [her] pain." *Id.* at 1040. The record supports the ALJ's finding that Armfield's "pain symptoms and medical impairments" were "managed conservatively with medication, physical therapy, and

therapeutic injections," and that reports throughout the record "often document no acute distress and normal ambulating without difficulty." Moreover, the record conflicts with Armfield's testimony about her use of electronic devices, cleaning work, and socialization. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). The record is also inconsistent with Armfield's testimony about her depression because it shows management of her mental-health symptoms with medication and therapy. The ALJ "did not wholly reject [Armfield's] allegations," *Carmickle*, 533 F.3d at 1163, but rather found contrary evidence clear and convincing.

**AFFIRMED**.[1]

---

[1] We decline to consider Armfield's argument that portions of the Social Security Administration's 2017 rule revisions, 82 Fed. Reg. 5844 (Jan. 18, 2017), violate the Administrative Procedure Act and Social Security Act, which was raised for the first time in a reply brief. *See Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.").

4